**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ANDREW GASKIN, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )   No. 4:19-CV-03084-SPM |
| | ) |
| MICHELLE BUCKNER, | ) |
| | ) |
|     Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the petition of Missouri state prisoner Andrew Gaskin ("Petitioner") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Petitioner also requests an evidentiary hearing. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Doc. 5). For the following reasons, the request for an evidentiary hearing will be denied, and the petition will be denied.

**I.   FACTUAL BACKGROUND**

At Petitioner's plea hearing on February 9, 2016, the prosecuting attorney described the facts that the State would have proven as follows. On October 2, 2015, Petitioner was a passenger in the rear seat of a car when the police stopped the car for a traffic violation. Resp't Ex. 1, at 6-7. As the officer approached the driver's side of the vehicle, he observed Petitioner put something down his shorts and saw loose marijuana on Petitioner's lap and in the rear of the car. *Id.* at 6. Petitioner was ordered out of the car and arrested for the marijuana. *Id.* After a search, he was also found to have 25.59 grams of cocaine base. *Id.* The court asked Petitioner whether those facts were correct, and he responded that they were. *Id.*

On questioning by the court, Petitioner testified that he wanted to plead guilty to the charge of trafficking drugs in the second degree and the charge of possession of misdemeanor marijuana. *Id.* at 3. He also testified that that he understood that he had the right to plead not guilty and have a jury trial; that in a jury trial, the burden is on the State to prove his guilt beyond a reasonable doubt; that to do that, the State must present witnesses and evidence in open court to prove his guilt; that his attorney would have a right to question and cross-examine any and all witnesses and evidence that the State presented; that his attorney could present witnesses and evidence of his own in defense; that Petitioner himself could testify or could decline to testify without creating an inference of guilt; that the burden would be on the state to prove his guilt and not on him to prove his innocence; and that by pleading guilty, he was waiving those rights and there would not be a trial. *Id.* at 4-5. When asked whether he had any witnesses of his own in connection with this case, he said no. *Id.* at 5. He further testified that he was pleading guilty of his own free will; that he had had sufficient time to discuss his charges with his attorney; that his attorney had done everything he had asked; that he was satisfied with his attorney's services; that there was nothing that his attorney had not done that Petitioner wanted him to do or thought he should have done; and that he had no complaints against his attorney. *Id.* at 3, 8-9.

The court accepted Petitioner's plea of guilty to one count of trafficking drugs in the second degree and one count of illegal possession of marijuana. *Id.* at 9. Pursuant to the State's recommendation, Petitioner was granted a suspended imposition of sentence and placed on two years' probation. *Id.* at 10-11. On November 29, 2016, the plea court found that Petitioner had violated the conditions of his probation, and the court and revoked the probation. Resp't Ex. 2, at 3. The plea court then placed Petitioner in a 120-day "shock" incarceration program, under which if Petitioner was given a favorable report, he would be placed back on probation after the 120 days,

but if Petitioner was given a negative report, Petitioner would be sentenced to 30 years' imprisonment. *Id.* at 3-7.[1] On February 28, 2017, after receiving a report from the Board of Probation and Parole recommending that probation be denied, the plea court executed Petitioner's sentence of 30 years' imprisonment. Resp't Ex. 3, at 115.[2]

On May 1, 2017, Petitioner filed a *pro se* motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035. Resp't Ex. 3, at 19-26. Subsequently, acting through counsel, Petitioner filed an amended motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035. *Id.* at 32-60. In the amended motion, Petitioner asserted several claims of ineffective assistance of plea counsel and sentencing counsel. *Id.* The motion was denied, and on appeal, Petitioner raised one claim: that the motion court erred in denying the Rule 24.035 motion without an evidentiary hearing because Petitioner pleaded facts, not conclusions, that were not refuted by the record and that showed that his plea counsel was ineffective for failing to investigate two witnesses. Resp't Ex. 5, at 9. The Missouri Court of Appeals affirmed the motion court's denial, finding that Petitioner's claim was refuted by the record. Resp't Ex. 8. In the instant petition, filed through counsel, Petitioner asserts the same ineffective assistance of counsel claim he raised in his post-conviction appeal.

## II.   LEGAL STANDARDS

A prisoner in custody under the judgment and sentence of a state court may seek habeas relief under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(a), "only on the ground that he is in custody in violation of the Constitution or laws or

---

[1] Petitioner chose the 120-day shock program with the 30-year backup sentence over the court's alternative of a ten-year sentence. Resp't Ex. 2, at 5-7.

[2] Respondent's Exhibit 3 contains multiple sets of page numbers. Because no other set of page numbers runs throughout the entire document, the Court cites to the page numbers in the electronically filed document.

3

treaties of the United States." 28 U.S.C. § 2254(a). It is well established that "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). *See also Nance v. Norris*, 392 F.3d 284, 289 (8th Cir. 2004) (noting that "errors of state law are not cognizable in federal habeas courts"). In a habeas proceeding, the Court reviews claims of error "only to determine whether an alleged error infringes upon a specific constitutional protection or is so prejudicial as to be a denial of due process." *Brende v. Young*, 907 F.3d 1080, 1084 (8th Cir. 2018) (quoting *Rousan v. Roper*, 436 F.3d 951, 958 (8th Cir. 2006)). Federal habeas review exists "as 'a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal.'" *Woods v. Donald*, 575 U.S. 312, 316 (2015) (per curiam) (quoting *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011)).

"In the habeas setting, a federal court is bound by the AEDPA to exercise only limited and deferential review of underlying state court decisions." *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003) (citing 28 U.S.C. § 2254). Under AEDPA, a federal court may not grant habeas relief to a state prisoner with respect to any claim that was adjudicated on the merits in the state court proceedings unless the state court's adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "This is a difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'" *Cullen v. Pinholster*, 563 U.S. 170, 181 (2015) (internal citations and quotation marks omitted).

4

Under subsection (1), a state court decision is "contrary to" clearly established Federal law if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). "A state court 'unreasonably applies' Supreme Court precedent if it 'identifies the correct governing legal principle from th[e] [Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" *Worthington v. Roper*, 631 F.3d 487, 495 (8th Cir. 2011) (quoting *Williams*, 529 U.S. at 413).

Under subsection (2), "A state court decision involves 'an unreasonable determination of the facts in light of the evidence presented in state court proceedings' only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Id.* at 508 (quoting *Jones v. Luebbers*, 359 F.3d 1005, 1011 (8th Cir. 2004)). The petitioner must make this showing by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### III. DISCUSSION

#### A. Ineffective Assistance of Plea Counsel

Petitioner raises a single claim: that his plea counsel was ineffective for failing to investigate two witnesses who were also in the car at the time of the traffic stop that gave rise to his arrest. Petitioner argues that this ineffective assistance rendered his guilty plea involuntary. Petitioner properly raised this claim in his state post-conviction proceedings, and the Missouri courts denied the claim on the merits. Petitioner now argues that the state court decision was a result of an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner's factual allegations related to this claim, which are substantially the same as the facts he alleged in his amended motion for post-conviction relief, are as follows. Plaintiff's counsel did not contact or interview Janee Lashell Crumer and Kenny Howard, the two other people in the car with Petitioner when he was arrested, despite their names being listed in the information and their names and addresses appearing in the police report. Pet'n ¶ 21. His counsel did not discuss the evidence or provide a copy of discovery to Petitioner, did not ask for names of any witnesses, and did not talk to Petitioner about potential motions that could be filed. *Id.* If counsel had interviewed the two witnesses, he would have discovered that their accounts of what happened were significantly different than what the police stated in their report. *Id.* ¶ 22. Both witnesses would have testified that the vehicle windows were tinted, making it impossible to see inside as the officer had claimed. *Id.* They would also have testified that it was not true that the officers saw marijuana in Petitioner's lap; instead, the officers pulled all three men out of the car and searched them, then searched the vehicle, despite Howard refusing permission to do so. *Id.* ¶ 22. Although Petitioner told the plea court that he had no problem with counsel's performance and had no witnesses of his own, he gave that answer before seeing his discovery, so he had no way of knowing things such as how the other men in the car might testify and whether that testimony would constitute a defense. *Id.* Petitioner's counsel advised him to answer the plea court's questions in a certain way so as to not jeopardize his guilty plea and probation. *Id.*

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 685-86 (1984). In the context of a guilty plea, a defendant who pleaded guilty upon the advice of counsel may challenge the voluntariness of that plea through a claim of ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985). The Supreme Court has held that the two-prong test articulated in *Strickland v.*

*Washington*, 466 U.S. 668, 689 (1984), applies to ineffective assistance claims in the guilty plea context. *Hill*, 474 U.S. at 57-59. To satisfy the first prong ("deficient performance"), the petitioner must show "that counsel's representation fell below an objective standard of reasonableness." *Id.* at 57. To satisfy the second prong ("prejudice") in the guilty plea context, the petitioner must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

"[C]ourts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." *Thompson v. United States*, 872 F.3d 560, 567 (8th Cir. 2017) (quoting *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017)). "Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Id.* "A 'defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings.'" *Adams v. United States*, 869 F.3d 633, 635 (8th Cir. 2017) (quoting *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997)).

When an ineffective assistance claim has been addressed by the state court, this Court must bear in mind that "[t]aken together, AEDPA and *Strickland* establish a 'doubly deferential standard' of review." *Williams v. Roper*, 695 F.3d 825, 831 (8th Cir. 2012) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011)). In the context of a habeas claim, it is not sufficient for a petitioner to "show that he would have satisfied *Strickland*'s test if his claim were being analyzed in the first instance." *Bell v. Cone*, 535 U.S. 685, 698-99 (2002). "Rather, he must show that the [state court] applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Id.* at 699.

7

In evaluating this claim, the Missouri Court of Appeals correctly noted the same two-prong test articulated in *Strickland* and *Hill*, and it also recognized that the key question in the guilty plea context is whether the alleged ineffective assistance impinged on the voluntariness and knowledge with which the guilty plea was made. Resp't Ex. 8, at 4-5. The court found that Petitioner's claim that his plea counsel was ineffective for failing to interview and investigate two witnesses was "refuted by the record." *Id.* at 5. The court noted that at his plea hearing, Petitioner had specifically stated that he had no witnesses in connection with the charged crimes, that he was satisfied with his plea counsel's performance, and that he understood he was waiving a jury trial, which the plea court expressly explained included the right to present witnesses in his defense. *Id.* at 5-6. The court found these statements "sufficient to effectively refute [Petitioner's] ineffective assistance claim that is at issue in this case." *Id.* at 6. The Missouri Court of Appeals also noted that it was clear that Petitioner sought to be released on probation instead of going to trial, and that plea counsel "effectuated [Petitioner's] wishes by negotiating a plea agreement with the State where [Petitioner] was released on probation after pleading guilty." *Id.* The court stated that Petitioner "cannot now complain after the fact that his plea counsel was ineffective for failing to interview/investigate witnesses when counsel seemingly did everything that [Petitioner] asked him to leading up to [Petitioner] pleading guilty." *Id.*

The Missouri Court of Appeals' rejection of this claim did not involve an objectively unreasonable application of *Strickland* or *Hill* to the facts of this case, nor did it involve an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. The Missouri Court of Appeals' finding that Petitioner's allegations of ineffective assistance of counsel in failing to investigate witnesses were refuted by Petitioner's own statements at the plea hearing was reasonable and has support in the record. Petitioner testified that he did not

8

have any witnesses of his own, that he had had sufficient time to discuss his charges with his attorney, that his attorney had done everything he had asked, that he was satisfied with his attorney's services, and that there was nothing that his attorney had not done that Petitioner wanted him to do or thought he should have done. Petitioner also testified that he understood that if he went to trial rather than pleading guilty, his attorney would be able to present witnesses and evidence. These statements "carry a strong presumption of verity," *Adams*, 869 F.3d at 635, and it was reasonable for the Missouri Court of Appeals to find that they refuted Petitioner's *post hoc* assertions about what his attorney should have done. The Court also notes that Petitioner would have been aware of the existence of the two potential witnesses at the time he made these statements to the plea court, because the two witnesses were in the car with him at the time of his arrest.

In light of Plaintiff's own testimony regarding his counsel's performance and the absence of witnesses at the plea hearing, the Missouri Court of Appeals' denial of this claim was consistent with *Strickland* and *Hill* and was well-supported by the record. Therefore, Petitioner's sole ground for relief is denied.

### B. Request for Evidentiary Hearing

Generally, the decision about whether to conduct an evidentiary hearing is within a habeas court's discretion, as limited by statutory restrictions set forth in the AEDPA. *See Schriro v. Landrigan*, 550 U.S. 465, 473-75 (2007). It is well established that "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.* at 474. Other courts have found that where, as here, the knowing and voluntary nature of a guilty plea is established by the record, a petitioner is not entitled to an evidentiary hearing on an ineffective assistance of counsel claim. *See Roberts v.*

9

*Griffith*, No. 4:16-CV 241-RWS, 2018 WL 2364295, at *3 (E.D. Mo. May 24, 2018) (denying request for evidentiary hearing on ineffective assistance of plea counsel claim and stating, "Eighth Circuit precedent permits district courts to deny evidentiary hearings attacking a guilty plea where the knowing and voluntary nature of the plea is established by the record.") (citing *Tran v. Lockhart*, 849 F.2d 1064, 1068 (8th Cir. 1998)); *Cotton v. Steele*, No. 4:15-CV-00806-AGF, 2018 WL 3020209, at *3 (E.D. Mo. June 18, 2018) (denying request for evidentiary hearing where the allegations of ineffective assistance of plea counsel were defeated by the petitioner's own representations at the plea hearing). Here, as in those cases, the Court finds that Petitioner's statements on the record refuted Petitioner's claims. Thus, the Court will deny Petitioner's request for an evidentiary hearing. The Court need not reach the question of whether Petitioner has established that a hearing is permissible under AEDPA's statutory restrictions.

## IV. CONCLUSION

For all of the above reasons, Petitioner is not entitled to federal habeas relief. Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from the final order in a 28 U.S.C. § 2254 proceeding unless a circuit judge or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). To grant such a certificate, the judge must find that the Petitioner "has made a substantial showing of the denial of a constitutional right." § 2253(c)(2); "A substantial showing is a showing that issues are debatable among reasonable jurists, a court

could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citation omitted).

The Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right, so the Court will not issue a certificate of appealability. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner's request for evidentiary hearing is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue, because Petitioner has failed to make a substantial showing that he has been denied a constitutional right. 28 U.S.C. § 2253.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 16th day of March, 2023.